Filed 5/19/16  P. v. Good CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RAVON GOOD,<br><br>    Defendant and Appellant. | B266888<br><br>(Los Angeles County<br>Super. Ct. No. BA172780) |

APPEAL from an order of the Superior Court of Los Angeles County, C.H. Rehm, Jr., Judge.  Affirmed.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant and appellant Ravon Good appeals the trial court's denial of his motion for resentencing pursuant to the California Fair Sentencing Act. We affirm the trial court's order denying Good's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 1999, a jury convicted Good of selling cocaine base (Health & Saf. Code, § 11352, subd. (a)). The jury also found Good had suffered three prior "strike" convictions (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)),[1] for attempted murder (§§ 664, 187, subd. (a)), robbery (§ 211), and attempted robbery (§§ 664, 211), and had served a prior prison term within the meaning of section 667.5, subdivision (b). The trial court declined to strike any of Good's prior convictions and sentenced him to a term of 26 years to life in prison, consisting of 25 years to life for the cocaine sales offense, and one year for the prior prison term. We affirmed the judgment in unpublished opinions. (*People v. Good* (May 21, 2008, B198893; June 22, 2000, B132252) [nonpub. opns.].)

On February 28, 2013, Good petitioned for recall of his sentence and resentencing pursuant to Proposition 36, the Three Strikes Reform Act of 2012, section 1170.126. On December 17, 2014, the trial court denied the petition with prejudice, finding Good ineligible for relief because one of his prior convictions was for attempted murder (§§ 664, 187, subd. (a)), a disqualifying offense. We affirmed the trial court's ruling in an unpublished opinion. (*People v. Good* (Sept. 11, 2015, B261180) [nonpub. opn.].)[2]

---

[1] All further undesignated statutory references are to the Penal Code.

[2] We take judicial notice of our unpublished opinions. (Evid. Code, §§ 459, subd. (a), 452, subd. (d).)

In 2014, the Legislature enacted the California Fair Sentencing Act.  (Stats. 2014, ch. 749, 2013-2014 Reg. Sess.)  As pertinent here, that act amended Health and Safety Code section 11351.5 to reduce the proscribed sentencing triad for possession of cocaine base for sale from three, four, or five years to two, three, or four years.  (Stats. 2014, ch. 749, § 3.)  The Legislature "[found] and declare[d] that cocaine hydrochloride (powder cocaine) and cocaine base (crack cocaine) are two forms of the same drug, the effects of which on the human body are so similar that to mete out unequal punishment for the same crime (e.g., possession for sale of a particular form of cocaine), is wholly and cruelly unjust."  (Stats. 2014, ch. 749, § 2, subd. (a).)  The Legislature's stated intent was to ensure that the crimes be treated in "an identical manner."  (*Id.,* subd. (b).)

On June 1, 2015, Good filed in the superior court a document captioned "Petition for recall and resentencing pursuant to Senate Bill No. 1010 recommending lower rate sentence for cocaine base sentences."  Good therein requested that he be resentenced "in compliance with the changes in sentence time," and also requested "reduction of the [enhancement] terms."  On June 22, 2015, the trial court denied Good's petition.  It explained Good had not been sentenced under the determinate sentencing law, but under the Three Strikes law.  Under the Three Strikes sentencing scheme, Good received a mandatory term of 25 years to life, plus a consecutive one year enhancement pursuant to section 667.5, subdivision (b).  Therefore, Good's petition failed to demonstrate he was entitled to resentencing.  Good appeals.

## DISCUSSION

After review of the record, appellant's court-appointed counsel filed an opening brief that raised no issues, and requested this court to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441.  On January 8, 2016, we advised appellant that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider.  We have received no response.

Even assuming arguendo that the amendment to Health and Safety Code section 11351.5 applies retroactively to Good's offense of selling cocaine base (as opposed to possessing it for sale), that the petition was a proper procedural vehicle by which to request resentencing, and that the trial court's order is appealable, the trial court's ruling was correct. The Three Strikes law constitutes an alternative sentencing scheme. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 527.) Because Good was properly sentenced pursuant to the Three Strikes law, he was subject to a mandatory indeterminate term of 25 years to life. (See *People v. Johnson* (2015) 61 Cal.4th 674, 680-681; *Teal v. Superior Court* (2014) 60 Cal.4th 595, 596.) The amendment to the determinate sentencing triad is therefore inapplicable to Good because he was sentenced to an indeterminate term pursuant to the Three Strikes law.

We have examined the entire record and are satisfied appellant's attorney has fully complied with the responsibilities of counsel and no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende, supra*, 25 Cal.3d at p. 441.)

4

## DISPOSITION

The order is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



ALDRICH, J.



We concur:



EDMON, P. J.



HOGUE, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.